UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA LAKE; YOGAJUNKIE.COM, LLC, <br><br>            Plaintiffs, <br><br>    vs. <br><br>CLAUDIA FELLNER, <br><br>            Defendant. | Case No.: 2:12-cv-01345-GMN-GWF <br><br>**ORDER** |

Pending before the Court is the Motion for Change of Venue (ECF No. 10) filed by *pro se* Defendant Claudia Fellner. Plaintiffs Andrea Lake and YogaJunkie.com, LLC filed a Response (ECF No. 11), and Defendant did not file a Reply.

In her two-page motion, Defendant requests transfer of the action to the District Court of Arizona, County of Maricopa, pursuant to 28 U.S.C. § 1391(b) because she resides in Maricopa County and conducts business in Phoenix, Arizona. (ECF No. 10.) She also requests that the Court order Plaintiff Andrea Lake to pay for Defendant's costs and transfer fees. (*Id.*)

Defendant alleges that she has never resided in Nevada, and has never conducted business in Nevada. (*Id.*) Instead, Defendant argues that the proper venue for this action is Maricopa County because that is where she resides and conducts business. (*Id.*) Defendant provides no other argument or legal authority in support of her motion.

A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). In the Complaint, Plaintiffs alleged proper venue based upon § 1391(b), and alternatively, based upon § 1391(c), which provides "if there is no district in which an action may otherwise be brought as provided in this section,

1  any judicial district in which any defendant is subject to the court's personal jurisdiction with
2  respect to such action." (*See* Compl., 2:¶3, ECF No. 1.)

3  In her motion, Defendant does not challenge Plaintiffs' allegation that the District of
4  Nevada is where "a substantial part of the events or omissions giving rise to the claim occurred,
5  or a substantial part of property that is the subject of the action is situated."  Defendant also
6  does not challenge Plaintiffs' allegation that she "is subject to the court's personal jurisdiction
7  with respect to such action."

8  The Court finds that Plaintiff's motion fails to establish that venue is improper or should
9  be transferred.  Furthermore, the Court finds that Plaintiffs' arguments in opposition are
10 strongly persuasive.  Therefore, for these reasons, and because Defendant has failed to respond
11 to or oppose Plaintiffs' arguments and allegations, the Court cannot grant Defendant the relief
12 requested.

13 **IT IS HEREBY ORDERED** that the Motion for Change of Venue (ECF No. 10) is
14 **DENIED**.

15 **DATED** this 15th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge