UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREA LAKE; YOGAJUNKIE.COM, LLC, )
                              )
           Plaintiffs,   )   Case No.: 2:12-cv-01345-GMN-GWF
vs.                            )
                              )   **ORDER**
CLAUDIA FELLNER,             )
                              )
          Defendant.    )

Pending before the Court is the Motion to Strike Defendant's Answer (ECF No. 16) filed by Plaintiffs Andrea Lake and YOGAJUNKIE.COM, LLC ("Plaintiffs").

## I.    BACKGROUND

In this case, Plaintiffs filed their Complaint (ECF No. 1) against Defendant Claudia Fellner ("Defendant") on July 30, 2012, alleging *inter alia* trademark infringement, deceptive trade practices, and interference with prospective economic advantage relating to Defendant's use of Plaintiffs' trademarks "YOGAJUNKIE" and "YOGA JUNKIE." Defendant, who is proceeding *pro se*, filed a Motion for Change of Venue (ECF No. 10) "pursuant to 28 U.S.C. § 1391(b)" on September 18, 2012. A motion for change of venue, however, is not a responsive pleading, and unlike a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), such a motion does not alter the time period by which a party must file their responsive pleading. *See* 28 U.S.C. § 1404; Fe. R. Civ. P. 12(b)(3); s*ee also Blane v. Am. Inventors Corp.*, 934 F. Supp. 903, 905-06 (M.D. Tenn. 1996) ("a motion to dismiss pursuant to Rule 12(b) is not the same as a motion to transfer venue under 28 U.S.C. § 1404(a)").

Because Defendant failed to file a responsive pleading, Plaintiffs filed a Request for Entry of Default (ECF No. 12) on July 31, 2013 and the Court Clerk filed an Entry of Default (ECF No. 13) the next day on August 1, 2013. On August 15, 2013, the Court entered an Order

denying Defendant's Motion for Change of Venue (ECF No. 14.) On September 6, 2013, twenty-two days after the Court's Order denying the transfer and over a year after the filing of the Complaint, Defendant finally filed her Answer to Complaint (ECF No. 15.)

In response to Defendant's Answer, Plaintiffs filed the pending Motion to Strike Defendant's Answer (ECF No. 16.) Defendant filed a Response to Plaintiffs' Motion to Strike (ECF No. 19) on October 15, 2013, and Plaintiffs filed their Reply in Support of Plaintiffs' Motion to Strike Defendant's Answer (ECF No. 20) on October 18, 2013. Then, on October 30, 2013, Defendant filed an Amended Answer and Counterclaim (ECF No. 21) without seeking leave of the Court. Plaintiffs responded by filing a Supplemental Brief in Support of Motion to Strike (ECF No. 23), adding Defendant's Amended Answer and Counterclaim to the Motion to Strike Defendant's Answer (ECF No. 16.)

## II.  DISCUSSION

Plaintiffs argue that the Court should strike Defendant's Answer and Amended Answer and Counterclaims because they were untimely filed and the previously entered default requires the Court to accept Plaintiffs' allegations as true. Under Federal Rule of Civil Procedure 12(a), "a defendant shall serve an answer ... within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). Failure to do so may result in an entry of default or default judgment under Federal Rule of Civil Procedure 55. Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Here, Defendant failed to properly answer the Complaint until over a year after the time to respond had run and after an entry of default. Accordingly, it is within the Court's discretion to dismiss Defendant's Answers, which are untimely and improper. *See Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("Fed. R. Civ. P. 12(f)… permits the court, in its discretion, to order

stricken from any pleading 'any redundant, immaterial, impertinent, or scandalous matter.'"); *see also Webster Capital Fin., Inc. v. Milt's Eagle, LLC*, 2:09-CV-01367-RLH-PAL, 2011 WL 1155440, at *2 (D. Nev. Mar. 28, 2011) (granting Plaintiff's motion striking Defendants' late filed Answer after an Entry of Default for being improper as a responsive pleading).  Because the Court finds that Defendant's Answer to Complaint (ECF No. 15) and Amended Answer and Counterclaim (ECF No. 21) are improper as responsive pleadings, Plaintiffs' Motion to Strike Defendant's Answer (ECF No. 16) is **GRANTED**.

However, "[t]he filing of a late answer is analogous to a motion to vacate a default, because the party filing the late answer receives the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(a) to set it aside." *McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) (internal quotations omitted).  Therefore, while improper as a responsive pleading, Defendant's Answer to Complaint should be treated as a Motion to Set Aside Default. *See id.*

Furthermore, under Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).  Additionally, a clerk's entry of default is "void *ab initio*" if the purported defaulting party actually appeared in the action. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (citation omitted).  Above all, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted).

In this case, the Court finds good cause to set aside the Clerk's Entry of Default against Defendant.  Specifically, Defendant cannot be said to have failed to defend herself as required by Rule 55(a) because Defendant filed a Motion for Change of Venue (ECF No. 10) on September 18, 2012, more than ten months before Plaintiffs filed their Request for Entry of Default (ECF No. 12.)  Defendant also opposed Plaintiffs' later filed Motion to Strike

Defendant's Answer (ECF No. 16), and filed an albeit late Answer to Complaint (ECF No. 15) twenty-two days after the Court's Order denying her Motion for Change of Venue (ECF No. 14), claiming a mistaken belief that her motion had tolled the time required to file a responsive pleading. (Response to Plaintiffs' Motion to Strike, ECF No. 19 2:2-16.)  For these reasons and in consideration of the strong preference that a case should be decided on the merits, the Clerk's Entry of Default in this case is "void *ab initio*" and should be set aside.

Despite this ruling, the Court reminds the Defendant that "[a]lthough we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  While the Court has liberally construed Defendant's Answer as a Motion to Set Aside Default, it also recognizes that Defendant has knowingly disregarded the Federal Rules of Civil Procedure.  Notably, even if Defendant was sincere in her belief that a motion for change of venue operated like a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), her Answer would have been due fourteen days after the Court's Order. Fed. R. Civ. P. 12(a)(4).  Defendant, however, filed her Answer twenty-two days after the Order, knowing that such a filing was late yet also incredulously claiming that she "attempted to properly follow the Federal Rules of Civil Procedure, as [she] understood them." (Response to Plaintiffs' Motion to Strike, ECF No. 19 2:2-16.)  Furthermore, Defendant filed an Amended Answer and Counterclaim (ECF No. 21) without leave of the Court and without any explanation as to why she believed such a filing was proper.

At best, Defendant has knowingly violated procedural rules while claiming such violations were mere "excusable neglect." (*Id.* 3:13)  At worst, Defendant has deliberately used her *pro se* status as a screen to enable her to prolong this proceeding by over a year without filing a proper responsive pleading.  Under either scenario, it appears from Defendant's actions and the statements in her Response to Plaintiffs' Motion to Strike that Defendant believes that

her *pro se* status allows her to ignore procedural rules with impunity. This belief is incorrect, and the Court warns Defendant that the failure to follow procedural rules or Court orders in the future may result in sanctions, including an entry of default in favor of Plaintiffs. Finally, in consideration of Defendant's wanton violation of procedural rules, the Court advises Plaintiffs that it will entertain a motion for attorney's fees and costs if Plaintiffs timely file a motion seeking such relief.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Strike Defendant's Answer (ECF No. 16) is **GRANTED**. The Clerk shall strike Defendant's Answer to Complaint (ECF No. 15) and Amended Answer and Counterclaim (ECF No. 21).

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default (ECF No. 13) be set aside.

**IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading to the Complaint by March 5, 2014.

**DATED** this 19th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge